IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINA
Wheeling

JUSTIN DUANE MARTIN,

        Plaintiff,

VS.

WILLIAM K MARSHALL III, BOP DIR
Individually and in his
Official Capacity, K MCNUTT,MD
(MAT) Individually and her
Official Capacity, J. DUNLOP,
D.O. Clinical Director, Indi-
vididually and in his Official,
E. BIRD, PA-C Individually and
in her Official Capacity, E....
ADAMS MD(MOUD) Individually and
in his Official Capacity, T.
SINES, APRN Individually and
in his Official Capacity, G.
MIMS, (MOUD-M) MD/CD Indivi-
dually and his Official Capacity
The UNITED STATES OF AMERICA

        Defendant's.

Civ. No. 5:24-CV-212

(Judge Bailey)

**FILED**

MAR 16 2026

U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

Jury Trial Demanded

Under The
Federal Tort Claims Act
28 U.S.C. §§ 1346(b), 2671 et seq.

AND

Bivens v. Six Unknown
Named Agents of Federal
Bureau of Narcotics
29 L.ED. 2d 619 (1971)

SECOND AMENDED COMPLAINT

I. Parties in this Complaint:

A. Plaintiff:

1.) Plaintiff, Justin Duane Martin was living in Michigan prior to incarceration. Plaintiff is currently a Federal prisoner. Plaintiff was

at all times, during the alleged events, house as a Federal prisoner at Elkton Ohio and Hazelton FCI Medium P.O. Box. 5000, Bruceton Mills  W.V. 26525 Correctional Facility of the Federal Bureau of Prsions at this time.

B. Defendants:

(2). Defendant, William K. Marshall III, BOP Director is a employee by Federal Bureau of Prisons. At this time in question, he was assigned to BOP at 320 1ST ST NW HOLC Building, Room 654, Washington, DC 20534.

(3). Defendant, K  McNutt  MD(MAT) is a employee by Federal Bureau of Prisons. At the time in question, he was assigned to Federal Correctional Elkton FCI, 8730 Scroogs Rd. Elkton, Ohio 44415.

(4). Defendant, J. Dunlop, D.O. Clinical Director is a employee by Federal Bureau of Prisons. At the time in question, he was assigned to Federal Correctional Elkton FCI, 8730 Scroogs Rd. Elkton, Ohio 44415.

(5). Defendant, L. Bird, PA-C is employee by Federal Bureau of Prisons. At the time in question, she was assigned to Federal Correctional Institution Hazelton Medium P O. Box. 5000, Bruceton Mills W.V. 26525.

(6). Defendant, E. Adams, MD(MOUD) is employee by Federal Bureau of Prisons. At the time in question, he was assigned to Federal Correctional Institution Hazelton Medium P.O. 5000, Bruceton Mills W.V. 26525.

(7). Defendant, T. Sines, APRN is employee by Federal Bureau of Prisons. At the time in question, he was assigned to Federal Correctional Institution Hazelton Medium P.O. Box. 5000, Bruceton Mills W.V. 26525.

(8). Defenadnt, G. Mills, (MOUD-M) MD/CD is employee by Federal Correctional Institution Hazelton Medium P.O. Box. 5000, Bruceton Mills W.V. 26525

(9). Defendant, United States of America.

II. Basis For Jurisdiction.

2

Federal Question Jurisdiction.

(10). 28 U S C. § 1331 states that "[t]he District Courts shall have orginal jurisdiction of al, Civil Actions arising under the Constitution, Laws, or Treaties of the United States."

Diversity Jurisdiction.

(11). 28 U.S.C. § 1332(a) states that, "[t]he District Courts shall have original jurisdiction of all Civil Actions where the matter in controversy exceeds the sum value of $75,000, exclusive of interest and costs, and is between (1) sitizens of different states...."

(12). Plaintiff believes his Action provides this Honorable Court with Both Federal Question Jurisdiction and Diversity Jurisdiction.

III. Venue.

(13). It is important to note that the Action is based on Diversity and a Federal Question, the venue provision for Federal Question case applies, 28 U.S.C. § 1391(b) provides generally for venue in (1) a Judicial District where any defendant resides, if all Defendants reside in the same state, (2) a Judicial District in which a substantial part of the events giving rise to the claim occurred, or (3) a Judicial District in which any Defendant may be found, if there is no District in which the Action may otherwise be brought.

(14). Plaintiff believes that all Defendants reside in the State of Ohio or West Virginia. All events giving rise to Plaintiff's claim arose in the State of Ohio or West Virginia. Plaintiff s reasonably sure that all Defendants can be found in State of Ohio or West Virginia at the present time.

IV. Statement of Claim.

(15). Plaintiff is a male who was prescribe Patella Tendon Rupture

3

injury by Kathy McNutt (MD (MAT) that reference right patella is fractured and separated tendon appears intact able to extend extremely painful does not flex patella pieces are midline cranial segment is about 1 cm separated from caudal segment. This stem from fall on 10-7-22.

(16). Plaintiff receive X-Ray on 10-11-22 referring phy:Kathy McNutt (MAT) MD due to right knee falling injury  palpable patellar fracture, cannot bend right knee. Finding Acute comminuted fracture of the lower pole of the patella with proximal patella displaced proximally by 1.5. On 10-18-22 J  Dunlop. D.O. Clinical Director.

(17). Plaintiff encounter Youngstown Orthopaedic on 11-3-22 DO Mr. Berdis after receiving X-Ray on 10-11-22 by Kathy McNutt D.O. In this D.O. Berdis stated during the exam Plaintiff suffer pain unable to place significant weight on the right lower extremity secondary to pain. Plaintiff had trouble with mobilizing his right knee due to injury and unable to straighten his knee. Plaintiff had no history of pain or injury to the right knee.

(18). Plaintiff encounter Youngtown Orthopaedic on 2-2-23 DO Mr. Berdis after being referred by J. Dunlop. DO Clinical Director who sign the report 2-7-23. Post-op appointment today regarding ORIF rightpatella with application of bone graft procedure performed at St. Elizabeth Boradman on 12-19-22.

(19). Plaintiff encounter J  Underwood APRN.FNP- Plaintiff mention that his knee has not appropriately healed. Plaintiff stated surgery has failed and the doctor stated this from outside Mr. Martin has not been the same and still unable to walk long distances.

(20). Plaintiff receive on 3-16-23 X-Ray of his Right-Knee there is interval plate and screw fixation of fracture of the lower pole of the patella with fracture appearing healed in satisfactory alignment. Hardware

4

appears intact without hardware loosening. 10 x 9mm Chronic calcific/ ossific density along the distal patellar shadow which can represent heterotopic ossification or possibly a residual patellar fracture fragment in this location.

(21). **Plaintiff encounter PA-C L Bird on 8-19-23**, when explaining to her that it no way I misusing the wheel chair or running. As my right-knee is completely separated and I cannot bend it as well suffer severe pain to the touch. Cosign by MD (**MOUD**) E. Adams on 4-1-24.

(22). Plaintiff encounter Outside Specialist Chad J. Micucci MD who order the removal of hardware inside my right-knee. As Dr. Adams failed to get me to the prescribe recommended appointment after this Outside MD Micucci order the surgery. T. Sines APRN also PA-Bird on 10-16-24.

(23). Plaintiff receive another X-Ray on Right-Knee 12-2-24 that was noted Redemonstration of plate and screw fixation of inferior patellar pole healed fracture with hardware appearing intact. Redemonstration of 10 x 9mm chronic dystrophic soft tissue cacification along the distal patellar ligament shadow and just proximal to it a 5mm dystrophic soft tissue calcification likely sequela of old soft tissue injury. Sines T. APRN 12-3-24 reviewed and Cosigned by G. Mims(MOUD-M) MD/CD on 12-3-24.

(24). Plaintiff receive X-Ray Right-Knee on 9-15-25. without still receiving recommended surgery dated back on 10-16-24 to this date but again G. Mims cosigning report for 9-19-25 procedure that still show same results in previous X-Ray on 12-2-24. That is showing something is wrong and mark BOP Breach Duty of Care § 4042(a)(2) denying Plaintiff medical treatment.

(25). Plaintiff now has finally receive the recommendation that is clearly to be 8th Amendment violation. That was noted by Chad Micucci MD Plaintiff receive operation on 10-14-2025.

5

(26). Plaintiff house in FCI Hazelton Medium on 3-11-26 BOP Director William K Marshall III, and United States are liable as Plaintiff being denied "Physical Therapy" and "Hinge-Knee-Brace" after receiving operation on 10-14-25. Now Plaintiff suffer deterioration, lost of function in right-leg. The facts Plaintiff was waiting a year to receive this prescribe surgery that noted in his BP-11#1178355-11 and Bp-9 #1262523-F1 after being once again recommended to see Outside Specialist from 10-14-25 now it's 5 months in counting.See(Sears v. Mooney. No. 1:17-cv-50 Dist. Lexis 213706(2019).

(27). The Defendants in this action, who are Government employees and Bivens Actor clearly Breach the standard of care in the community by failing to adequately monitor the facts Recommended Surgery and for outside specialist stemming 12-19-22 and 10-16-24 also 10-14-25. Additionally, the delay in treatment and the total disregards for Plaintiff's pain and suffering breached the standard of care in the community. But for the dereliction of duty by the BOP contract employee's and BOP staff also medical staff are personally involve from each institution Elkton and Hazelton Medium. Plaintiff ongoing continuing doctrine of suffering Deliberate Indifference, Cruel Unusual Punishment, Carelessness, Recklessness, Loss of Enjoyment, Delay Damages and BOP Breach Duty of Care § 4042(a)(2)-(3) denying Plaintiff suit-able living conditions and medical treatment which cause Plaintiff right-leg to worsen over the years. See(Simmat v. US Bureau of Prisons. 413 F.3d 1225, 1233(10th Cir. 2005);cf. Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 326-27, 135 S.Ct. 1378, 191 L.Ed. 2d 471(2015)(Stating that" we have long held that federal courts may in some circumstances grant injunctive relief against....violations of federal law by Federal Officials")See(Wash-ington v. Fed. Bureau of Prisons, 2018 U.S. Dist. Lexis 198695 No. 5:16-cv-03913-BHH-KDW D. SC Aug. 6, 2018)(Injunctive Relief granted).

V. <u>Statute of Limitations</u>.

(28). For constitutional tort claims and <u>Bivens</u> Actions, Courts borrow the statute of limitations for personal torts and suits from State where the claims arose. Hardin v. Straub, 490 U.S. 536, 538, 109 S.Ct. 1998, 104 L.Ed. 2d 582(1989); The applicable Ohio and West Virginia Statute of Limitations is two years. The question of when a Bivens action accrues is governed by Federal law. Generally, the statute of limitations begins to run when the Plaintiff knows, or has reason to know, of the injury forming the basis of his action.

VI. <u>Injuries.</u>

(29). Plaintiff sustained the following injuries dur to Defendant's actions and inactions:

(a) permanent deformity in right-leg with not extending the fully.

(b) Right Deterioration and patella tendon still displace with loss of muscle atrpohy.


VII. <u>Exhaustion of Administration Remedies.</u>

(30). Plaintiff's claim arose while he was confined at Elkton Low and Hazelton Medium, a court have explained that a failure to exhaust administrative remedies may be excused where certain conditions are met. Under Ross v. Blake, 136 S.CT. 1850, 195 L.Ed. 2d 117(2016), the proper inquiry is "whether administrative remedies were actually available to the aggrieved inmate." and "there circuimstances" make such remedies are "officially on the books"; First, an administrative remedy may be unavailable when" it operates as a simple dead end-with officers unable or consistently unwilling to provide relief aggrieved inmates." Second, "an administrative scheme might be so opaque that it becomes practically speaking, incapable of use "In other words, "Some mechanism exists to

provide relief, butno ordinary prisoner can discern or navigate it." Third, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination  misrepresentation, or intimidation."See(Gooch v. Young, 24 F. 4th 624; 2022 U.S. App. Lexis 2042 No. 21-1702 7th Cir. 2022)(District Court erred by granting summary judgment on prisoner's Eighth Amendment claim for alleged failure to exhaust administrative remedies under 42 U.S.C.S§ 1997(e) B-9 grievance form. Further, **prisoner attested** that he feared for his life if he continued with the BOP's administrative remedy process as guards told him that he was going to die if he complained about prison staff order vacate, and case remanded).

(31). Plaintiff's has exhausted all his administrative Remedies with the federal Bureau of Prisons  by filing a BP-8,BP-9, BP-10, and BP-11 with the Central Office in Wachington D.C.. The Central Office Denied Plaintiff's BP-11 #1178355-A1.

(32). Plaintiff's Tort Claim was denied by the Mid-Altantic Regional Office under **Administrative Claims** Number TRT-MXR-2025-08088.

VIII. Relief Sought.

(33). As a proximate result of the Defendant s tortious acts, Plaintiff suffered irreparable harm for which there is adequate remedy at law. Plaintiff prays this Honorable Judge Bailey would find that Plaintiff is entitled to the following Award:

(1) Actual damages to Compensate for lost future income-

(2) Mental Suffering, Psychological harm-

(3) Punitive damages- Pain and Suffering

(4) Monetary Damages- Permanent Damages Patella Tendon and Renconstructive Injury with lost of full extension in Right-Leg

(5) Delay Damages, Loss of Enjoyment, Negligence,Carelessness and Recklessness.

8

Total: $13,175,000 Million Dollars

(34). The Defendants have an opportunity to resolve this matter short of trial by responding positively to Plaintiff with a Settlement offer.

IX. Previous Lawsuits.

(35). Plaintiff's has previously filed no lawsuit.

I declare under 28 U.S.C. § 1746 penalty of perjury that the foregoing is true and correct.

Signed this 12 day of March, 2026   X _Justin Martin_
Justin Martin
#65889-060
FCI Hazelton Medium
P.O. Box. 5000
Bruceton Mills W.V.
26525

Via Mail

Jordan V. Palmer AUSA
P O Box. 591
1125 Chapline Street, Suite 3000
Wheeling, W.V. 26003

9